XIAO FEI DONG, Petitioner,

v.

Michael B. MUKASEY, United States Attorney General, Respondent.

No. 08–1504–ag.

United States Court of Appeals, Second Circuit.

Jan. 22, 2009.

Feng Li, Attorney, Law Office of Fengling Liu, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Civil Division; Barry J. Pettinato, Assistant Director; Robbin K. Blaya, Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. ROSEMARY S. POOLER, Hon. ROBERT D. SACK, and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Xiao Fei Dong, a native and citizen of the People's Republic of China, seeks review of a March 17, 2008 order of the BIA affirming the May 9, 2006 decision of Immigration Judge ("IJ") Barbara A. Nelson denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xiao Fei Dong,* No. A98 720 026 (B.I.A. Mar. 17, 2008) *aff'g* A98 720 026 (Immig. Ct. N.Y. City May 9, 2006). We assume the parties' familiarity with the underlying facts and procedural history of this case.

When the BIA does not adopt the decision of the immigration judge in substance, this Court reviews only the decision of the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Shu Wen Sun v. BIA,* 510 F.3d 377, 379 (2d Cir.2007). We review *de novo* questions of law and the application of law to undisputed fact. *Sal-*

*imatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

■ We conclude that the record supports the agency's denial of Dong's application for asylum. The BIA properly found that Dong was not eligible for asylum based solely on his wife's alleged forced abortion. As we have held, the definition of "refugee" under 8 U.S.C. § 1101(a)(42) does not extend automatically to partners (legally related or otherwise) of individuals who have been forcibly sterilized or forced to have an abortion. *See Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 314 (2d Cir.2007) (en banc); *see also Matter of J–S–,* 24 I. & N. Dec. 520 (AG 2008). Dong is therefore not entitled to asylum based on his wife's forced abortion. "[A] claim of persecution based solely on a forced abortion" brought by someone other than "the individual who has undergone the procedure ... is doomed". *Gui Yin Liu v. INS,* 508 F.3d 716, 723 (2d Cir.2007) (dicta).

■ Moreover, we find no error in the BIA's conclusion that Dong failed adequately to establish that he suffered past persecution as a result of his own resistance to China's coercive population control program. *See* 8 U.S.C. § 1101(a)(42)(B). The BIA has stated that the term "resistance" includes, but is not limited to, "expressions of general opposition, attempts to interfere with enforcement of government policy ... and other overt forms of resistance to the requirements of the family planning law." *Matter of S–L–L,* 24 I. & N. Dec. 1, 10 (BIA 2006).

To the extent Dong argues that he resisted China's family planning policy "indirectly" by hiding his wife, such conduct is not "overt." *See id.* Even if it was, the BIA reasonably found that the record contained no evidence that Dong had suffered persecution as a result of hiding his wife. *See Matter of S–L–L–,* 24 I. & N. Dec. at

10. As the BIA noted, Dong has denied ever being arrested, detained, or interrogated in China for his alleged "resistance." While Dong claims that his wife was fined 5,000 RMB after his departure and that this fine, coupled with the loss of his child was persecution, that argument is unavailing. Dong did not demonstrate that the fine was "above and beyond [one] generally shared by others in the country of origin and involved noticeably more than mere loss of social advantages or physical comforts." *In re T–Z–,* 24 I. & N. Dec. 163, 172–73 (BIA 2007). Thus, Dong's asserted treatment was not sufficiently severe to compel a reasonable adjudicator to conclude that he suffered past persecution. *See* 8 U.S.C. § 1252(b)(4)(B). And Dong's argument that the loss of his child was persecution to him is legally indistinguishable from the argument we rejected in Shi Liang Lin—that the forced abortion of a man's spouse is persecution to him. *See Shi Liang Lin,* 494 F.3d 296, 314 (2d Cir.2007)

In light of Dong's failure to establish that he had been subjected to past persecution, he was not entitled to a presumption that he would be subjected to future persecution in China. 8 C.F.R. § 1208.13(b)(1). And the BIA properly concluded that the record was "devoid" of any evidence that supported Dong's claim that he would likely be subject to future persecution. Indeed, Dong testified that he left China without incident using his own passport, and presented no evidence suggesting that officials have any current interest in him. Thus, the BIA reasonably concluded that Dong failed to meet his burden to establish a well-founded fear of persecution. *See* 8 U.S.C. § 1158(b)(1)(B); *see also Jian Xing Huang v. INS,* 421 F.3d 125, 128–29 (2d Cir.2005). Accordingly, the agency's denial of asylum was proper.

Because Dong was unable to show the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on his claim for withholding of removal because it was based upon the same factual predicate. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006). Because Dong fails to challenge the agency's denial of CAT relief in his petition for review, that claim is deemed waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 546 n. 7 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, we dismiss the petitioner's pending motion for a stay of removal as moot.